UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICIA RICHARDSON, mother of DONALD SCOTT MACRAE, deceased,<br><br>    Plaintiff,<br>v.<br><br>BRYAN GREY, individually and McCALL AVIATION Inc., an Idaho Corporation,<br><br>    Defendants. | Case No. 1:23-cv-00375-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| LISA TRIPLETT, individually and as Special Administrator for the Estate of Donald Scott MacRae; AMANDA KEECH, JESSICA WEAVER, JEREMY MACRAE, NICHOLAS BONOMO, VINCENT BONOMO, JUSTIN MACRAE,<br><br>    Plaintiffs,<br>v.<br><br>BRYAN GREY, individually and McCALL AVIATION Inc., an Idaho Corporation,<br><br>    Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiffs' 30(b)(4) Motion for Remote Deposition of the Triplett Children. Dkt. 39. The Defendant has filed a response in objection to Plaintiffs' motion (Dkt. 40), and Plaintiffs filed a reply in support of their Motion (Dkt. 41).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide this interlocutory Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Plaintiffs' Motion for Remote Deposition of the Triplett Children.

## II. BACKGROUND

This is a wrongful death action arising from a fatal aircraft accident in August 2021 in which passenger Donald Scott MacRae ("Decedent") perished during a flight from McCall, Idaho, into the backcountry east of McCall. Plaintiff Patricia Richardson is the mother of the Decedent. The remaining Plaintiffs are his widow, Lisa Triplett and six adult children and stepchildren of the Decedent (collectively, the "Triplett Children").

Plaintiff Richardson filed federally on August 25, 2023 (Dkt. 1), and the Triplett Plaintiffs filed in state court the same day. Defendants removed and consolidated the state-court case into the instant lead case. Dkts. 9, 16. Thereafter, the Court granted the parties' joint motion to stay the action to pursue informal discovery and mediation. Dkts. 17, 18. Mediation was held on April 11, 2024, but was unsuccessful. After the stay was lifted (Dkt. 23), the Plaintiffs filed Amended Complaints (Dkts. 29, 31). Defendants subsequently filed Answers (Dkts. 34, 35), and the Court's Scheduling Order (Dkt. 38) set the deadline for completion of fact discovery of March 26, 2025.

The sole dispute at issue in the instant motion is whether the Triplett Children have shown they are entitled to an order requiring that Defendants take their depositions

MEMORANDUM DECISION AND ORDER - 2

remotely, rather than in person in Boise, Idaho.

On December 6, 2024, the Plaintiffs filed their Motion for Discovery 30(b)(4) Remote Depositions to have the depositions conducted remotely, arguing that the Triplett children's travel to Boise would constitute an undue hardship. Dkt. 39.[1] Plaintiffs identified financial burden and inconvenience as their primary concerns. Dkt. 39-1, at 6. Defendants filed a Response in opposition, arguing that in-person depositions are necessary to assess credibility and demeanor effectively. Dkt. 40. On January 10, 2025, the Plaintiffs filed their Reply maintaining that travel to Boise will cause undue hardship and that the children's depositions via remote methods will not cause prejudice. Dkt. 41.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by remote means." F.R.C.P. 30(b)(4). While courts within the Ninth Circuit generally grant leave to conduct remote depositions liberally, the party requesting remote deposition must establish a legitimate basis for its request. *JUUL Labs Inc. v. Chou*, 2022 WL 2165411 *3 (C.D. Cal. February 11, 2022).

If the moving party presents a legitimate reason, the burden shifts to the opposing party to demonstrate a "particularized showing" of prejudice that would result from a remote deposition. *Henry v. Tacoma Police Department*, 2023 WL 5530201 *2 (W.D. Wash. August 28, 2023). The court has broad discretion in determining the location and

---

[1] Prior to filing the instant motion, Plaintiffs' counsel contacted the Court regarding the disagreement and the Parties participated in an informal discovery dispute conference with the Court's law clerk as required.

manner of the depositions and may consider factors such as the relative expense and burden on the parties. *Philadelphia Indem. Ins. Co. v. Federal Ins.*, 215 F.R.D. 492, 495 (E. D. Pa 2003).

However, the general rule is that a defendant may choose the time, place, and manner of plaintiffs' depositions, particularly when plaintiffs have chosen the forum for litigation. Courts have held that when plaintiffs voluntarily initiate litigation in a particular jurisdiction, they must be prepared to litigate there, including sitting for depositions in the forum state. *Cadent Ltd. V. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) ("A plaintiff who brings suit in a particular forum may not avoid appearing for deposition in that forum absent compelling circumstances.").

## IV. DISCUSSION

Plaintiffs argue that requiring the Triplett children to travel to Boise for depositions presents an undue hardship due to financial constraints and logistical difficulties. *See Generally* Dkt. 39-1. They cite *Henry v. Tacoma Police Department* to support their position, emphasizing that remote depositions are frequently permitted when travel imposes a financial burden. *Id*. at 5–6. However, *Henry* is distinguishable from the present case. There, the court permitted a remote deposition primarily because the plaintiff was an individual with significant financial limitations (he was unemployed) and he had no demonstrated ability to travel. 2023 WL 5530201, at *1 (W.D. Wash. Aug. 28, 2023).

In contrast, Plaintiffs here are six adult children of the decedent, and there is no compelling evidence that their financial of other personal circumstances create an insurmountable hardship. There will, of course, be some inconvenience due to

MEMORANDUM DECISION AND ORDER - 4

employment, family life, and travel. But those are matters incident to daily life and do not constitute a compelling reason for the Court to mandate remote depositions. Defendants, on the other hand, argue that in-person depositions are critical for evaluating witness credibility and demeanor. Dkt. 40, at 15–16. Courts have consistently recognized the importance of in-person testimony, particularly in cases involving subjective or emotional testimony. *See Buergofol GmbH v. Omega Liner Company, Inc.*, 2024 WL 4290795 (D.S.D. Sept. 25, 2024) (emphasizing that "[r]emote depositions preclude . . . the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions") (cleaned up); *United States v. International Business Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (noting that in-person depositions allow attorneys to observe witness' demeanor and non-verbal cues).

Further, Defendants correctly assert that Plaintiffs chose to litigate in Idaho and must be prepared to participate in litigation in that forum. Dkt. 40, at 10–11. The general rule is that a plaintiff must appear for depositions in the forum where they filed suit unless they demonstrate extraordinary circumstances. *See Willis v. Mullins*, 2006 WL 894922, at 3 (E.D. Cal. 2006) ("Plaintiffs have not met their burden of demonstrating a compelling hardship to justify deviating from the general rule that a plaintiff's deposition should take placed in the forum where the suit was filed.").

Finally, Plaintiffs assert the extent of their potential recover should be considered when deciding the format of the depositions. They posture that Defendants are underinsured and thus, any recover (for the children at least) will be minimal. To begin, it is questionable whether the Court can consider insurance coverage at this stage. More

MEMORANDUM DECISION AND ORDER - 5

fundamentally though, it has yet to be established how much insurance coverage Defendants have and it would be difficult for the Court to set an arbitrary recovery amount that would qualify as "enough" to justify in-person depositions. Thus, while the Court understands Plaintiff's recover argument, it finds it does not weigh in favor, or against, its request for remote depositions.

The Court acknowledges that in-person depositions may be inconvenient for Plaintiffs. However, mere inconvenience or additional cost does not constitute undue hardship sufficient to override the general rule and practice. Moreover, the argument that damages may be minimal does not alter the procedural requirements of litigation.

Given these considerations, the Court finds that Plaintiffs have not demonstrated a sufficient reason to deviate from the standard practice of in-person depositions. Defendants have the right to depose Plaintiffs in Boise, and while they could voluntarily agree to remote depositions, they are not required to do so.[2]

## VI. ORDER

The Court HEREBY ORDERS:

1. Plaintiff's Motion for Remote Deposition (Dkt. 39) is DENIED.

DATED: March 18, 2025



_____
David C. Nye
Chief U.S. District Court Judge

---

[2] Of course, if Plaintiffs prevail, they may be entitled to recover their deposition travel costs under FRCP54.